MEMORANDUM ***
April Papen appeals the district court’s decision affirming the Administrative Law Judge’s (“ALJ”) denial of her application for disability insurance benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
The panel’s review is “essentially the same as that undertaken by the district court.” Stone v. Heckler, 761 F.2d 530, 532 (9th Cir.1985). In both cases, the court determines whether the ALJ’s decision is supported by “substantial evidence.” Batson v. Comm’r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir.2004). “Substantial evidence” is “more than a mere scintilla, but less than a preponderance.” . Desrosiers v. Sec’y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir.1988) (internal quotations and citations omitted).
1. Papen has waived her argument that the ALJ improperly rejected the testimony *207 of Dr. Barlow, because she raised it for the first time on appeal. As a general rule, this court does not consider issues that were not raised before the district court. See Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir.2001). “This circuit has recognized three exceptions to this rule: [ (1) ] in the ‘exceptional’ case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, [ (2) ] when a new issue arises while appeal is pending because of a change in the law, [ (3) ] or when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed. If one of the exceptions is applicable, [this court has] discretion to address the issue.” Bolker v. Comm’r, 760 F.2d 1039, 1042 (9th Cir.1985) (internal citations omitted). There are no exceptional circumstances in Papen’s case, and Papen, therefore, waived the issue.
2. Papen waived her argument that the ALJ erred in finding that Papen’s alleged impairments (other than her obesity) did not meet or equal a listing under step three of the five step analysis (listed impairment at 20 C.F.R. pt. 404, Subpart P, Appendix 1, 1.02A). She did not properly raise the issue before the district court, and there are no exceptional circumstances to justify addressing it on appeal.
3. The ALJ properly assessed the effects Papen’s obesity had on her functional limitations. Papen’s medical records note that Papen is morbidly obese, and that the obesity affects her impairments. Drs. Harris and Westfall nevertheless found that Papen was still able to perform basic work activities despite these impairments alone, or in combination.
4. We review a claimant’s testimony of medical impairment under a two-step process. First, “[t]he claimant must produce objective medical evidence of an underlying impairment ‘which could reasonably be expected to produce the pain or other symptoms alleged....’” Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (quoting 42 U.S.C. § 423(d)(5)(A) (1988)). Second, assuming claimant produces such evidence and there is no affirmative evidence the claimant is malingering, the Commissioner must provide “clear and convincing reasons” for rejecting the testimony. Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir.1993) (quoting Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)).
The ALJ provided clear and convincing reasons for rejecting Papen’s testimony. The medical complaints, Papen now alleges as a disability, are the same ones she had while gainfully employed. Also, Drs. Wood and Braseth noted that Papen was assisting with household chores, driving a car, and going grocery shopping. Such activities were clearly inconsistent with Papen’s testimony that she was able to walk only a few feet. Finally, Dr. Harris concluded that Papen’s “complaints of pain/discomfort are out of proportion to her objective findings.”
5. Papen waived her argument that the ALJ posed an improper hypothetical to the vocational experts. She did not raise the issue to the district court, and there are no exceptional circumstances to justify addressing it on appeal.
6. In determining residual functional capacity (“RFC”), an ALJ must consider “all of the relevant medical and other evidence,” 20 C.F.R. § 416.945(a)(3), including statements provided by medical sources and the claimant’s own reports. Id. In maldng his RFC finding, the ALJ essentially adopted the findings of Dr. Harris. Papen could occasionally lift and carry twenty-five pounds, and frequently lift and carry twenty pounds. She was limited to two hours out of eight of stand *208 ing or walking. The ALJ also determined that Papen should have the option to sit or stand, and that she may be required to use a cane. The ALJ set Papen’s RFC at a sedentary exertion level. On that basis, he concluded Papen could perform her past relevant work. The vocational experts also supported that determination, testifying Papen could perform her past relevant assembly job, given her RFC.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.